Trippe, Judge.
The indictment charges that the defendant swore that he did not make, sign or deliver the note. The State proved that it was executed by an agent, at defendant’s request and in his presence. Defendant objected to this as being variant from the allegation in the indictment. In Ellis vs. Francis, 9 Georgia, 325, when the question was, whether a return on an execution of nulla bona, made by another person than the bailiff, but by his request and in his presence, he knowing the fact to be true, was a good and lawful return, this Court held that, “this return * * * may be considered as the act of the constable himself, as much so as if he had held the pen in his own hand,” etc. So in Reinhart vs. Miller, 22 Georgia, 415, when the contract was signed by the brother for his sister, Casa Miller, and near where she was, it was said, “it was Casa Miller’s own act, performed by her brother, by her command.” We think this testimony was admissible.
The issue on trial was, did the defendant knowingly, willfully and absolutely swear falsely when he swore that he did not make or deliver the note, etc. It was in evidence that he was illiterate and could not read or write. It seems from the testimony for the prosecution that there was a dispute or contest between defendant and prosecutor at the time the note was given as to whether the former would pay the latter. It does not appear what the claim was, but it is evident there was some disagreement about it. The defendant offered to prove on the trial of the indictment, that “it was the understanding *of the parties to the pretended note that the same was not intended as a note, but simply as.a memorandum of an agreement to submit a matter in controversy to arbitration.” Ought he to have been allowed to have done this? The State had proven that a note was written and signed, read over to defendant and delivered by him to the prosecutor. Yet if it had been the understanding that the paper was not a note, that there was to be an arbitration about the con *131 troversy, and-that this paper was in reference to that, to-wit: a memorandum, would not that have been competent on the doctrine of mistake, or that the defendant was in error as to what was done? It must be remembered that the perjury was assigned on testimony given in on a suit on that note; defendant had filed a plea of'non est factum. It was sworn to and on the trial defendant under oath stated what has been above recited, on which the perjury is assigned. Had he on that trial proved what he now proposes to prove, to-wit: that he did not know it was a note, that neither party intended it as a note, but something else, and the Court credited the testimony, could a judgment on the note have been given against him? If it could not, and on this trial he proves all this and it is believed, can he be said to be guilty of perjury in swearing what he did? We only speak from what the record says he proposed to prove. If that evidence would probably have been of benefit to him he was entitled to it, particularly when taken in connection with the fact that he could not read or write.
Let the judgment be reversed and a new trial granted.